PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $56,960.00 IN U.S. CURRENCY,<br><br>Defendant. | 2:19-MC-00163-KJM-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 29, 2019, agents with the Drug Enforcement Administration ("DEA") contacted Dellinger at the Sacramento International Airport in Sacramento, California.  Approximately $56,960.00 in U.S. Currency ("defendant currency") was seized from Dellinger during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 12, 2019, DEA received a claim from Dellinger asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on April 29, 2019, agents with the DEA were at the Sacramento International Airport pursuant to their regular duties.  Law enforcement noticed the behavior of Dellinger; in particular.  Law enforcement agents observed Dellinger walking towards agents and officers.  Dellinger had traveled to Sacramento on United Airlines Flight 1781

from Miami, Florida to Honolulu, Hawaii.  Law enforcement approached Dellinger and asked to see his airline boarding pass.  Law enforcement asked Dellinger if he was traveling with anything illegal in his luggage and Dellinger said he was not and consented to a search of his luggage.

4. The United States represents that it could further show at a forfeiture trial that the agents located Dellinger's luggage in the outdoor baggage drop-off area and searched its contents pursuant to a consensual search.  Law enforcement immediately found cash concealed within several items of clothing, shoes, and envelopes.  Law enforcement asked Dellinger how much currency he was carrying and Dellinger stated "under $10,000.00."  Dellinger then informed law enforcement that he felt like he was going to be sick.  Law enforcement informed Dellinger that he could go use the restroom and agents and officers would watch his bags while he did.  Dellinger told the law enforcement officers he did not want to leave his bags because he "had the cops steal money from me before."  Law enforcement asked Dellinger where he had money seized from him in the past and Dellinger changed his statement, stating it was "a friend" who had money seized.  Law enforcement asked Dellinger if he would accompany agents and officers to a private quiet room in the airport where they could discuss the source of the currency.  Dellinger agreed to speak to law enforcement regarding the contents of the checked luggage.

5. The United States represents that it could further show at a forfeiture trial that Dellinger and law enforcement spoke regarding the cash found in the suitcase. A later bank count of the cash seized from Dellinger's luggage totaled $56,960.00.  A denominational breakdown of the seized currency revealed 48 $5.00 bills, 405 $10.00 bills, 2,191 $20.00 bills, 129 $50.00 bills, and 24 $100.00 bills.  Dellinger provided law enforcement with his State of Hawaii identification card and he stated he currently resided in Hawaii. Dellinger stated that he had flown from Florida to California and he grew up in Kelseyville, California. Law enforcement asked Dellinger if he was employed and Dellinger told law enforcement that he owns a media company named "Metal Mind" and he also sells and owns real estate.  Investigation identified Dellinger to be involved in several marijuana related businesses.  Apollo Grown appears to be the primary business for Dellinger and a partner.  Apollo Grown is a business registered with the Oregon Secretary of State and co-owned by Dellinger.  Information on the website for Apollo Grown states it is an Oregon State licensed recreational marijuana production and processing business, located in Benton County Oregon that produces hash, oils, shatter, crumbles, and clones from indoor and outdoor marijuana grows.

6. The United States represents that it could further show at a forfeiture trial that a drug detection dog alerted to the smell of narcotics on the cash seized from Dellinger's luggage.

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Jared Dellinger hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $28,480.00 of the Approximately $56,960.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $28,480.00 of the Approximately $56,960.00 in U.S. Currency shall be returned to claimant Jared Dellinger.

4.       The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5.       No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.       All parties will bear their own costs and attorney's fees.

7.       Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED:  October 6, 2021

_____
CHIEF UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture